The STATE of Ohio, Appellee,

v.

TUCK, Appellant.

[Cite as *State v. Tuck* (1992), 80 Ohio App.3d 721.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–1307.

Decided July 21, 1992.

*Michael Miller*, Franklin County Prosecuting Attorney, and *Susan E. Day*, Assistant Prosecuting Attorney, for appellee.

■■■■■■■■■■■

*James Kura,* Franklin County Public Defender, and *Paul Skendelas,* Assistant Public Defender, for appellant.

———————

PEGGY BRYANT, Judge.

Defendant-appellant, Theotis Tuck, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of two counts of aggravated burglary in violation of R.C. 2911.11, one count of attempted aggravated burglary in violation of R.C. 2923.02, and two counts of theft in violation of R.C. 2913.02. Appellant's single assignment of error states:

"The trial court erred in permitting the state to use a peremptory challenge in a racially discriminatory fashion, thereby denying appellant equal protection under the law as guaranteed by the Fourteenth Amendment to the United States Constitution."

Defendant was indicted on two counts of aggravated burglary, one count of attempted aggravated burglary, and four counts of theft. His case was tried to a jury, but preceding the presentation of evidence, a jury voir dire was conducted. All members of the jury venire were Caucasian, except Mr. Brown, an African–American. During the course of questioning, the prosecutor posed the following questions to Mr. Brown:

"[BY MR. SHEERAN]: Mr. Brown, would you be kind enough to tell us a little bit about yourself?

"MR. BROWN: I am married. I have been married 12 years. I have a son, ten, who lives with me and a stepdaughter, 21, she lives in an apartment with her boyfriend. I work for Borden's Ice Cream and I like boating and basketball.

"MR. SHEERAN: How long have you lived in the county?

"MR. BROWN: Since 1952.

"MR. SHEERAN: What do you do for Borden's?

"MR. BROWN: I stack ice cream on pallets, as it comes up.

"MR. SHEERAN: And your wife works for Magnatek? What does she do there?

"MR. BROWN: Machine operator.

"MR. SHEERAN: Do you know what type of machine she operates?

"MR. BROWN: It is called a tank machine.

"MR. SHEERAN: Do you feel you understand what your job is as a juror?

"MR. BROWN: Yes."

After counsel had completed questioning the jury, the trial court allowed the parties to exercise peremptory challenges. The prosecutor used one of his peremptory challenges to excuse Mr. Brown from the jury panel. Defense counsel objected because " * * * the only basis that I can see for excusing him is because of the fact that he is black. I haven't heard anything that that man said that was prejudicial in one way with regard to either the state or the defense, and he was, basically, pretty quiet throughout the *voir dire.* * * * I believe that he is being excluded solely because of his race." The prosecution responded as follows:

"Your honor, if Mr. Hoffman is making the *Batson* challenge, I would remind you that that case calls for a pattern of discrimination which, obviously, has not been shown. * * * [T]here has been no threshold showing of discrimination, and until that is done, a peremptory challenge is a peremptory challenge."

The prosecution then stipulated to defense counsel's statement that " * * * Mr. Brown is the only black juror on the entire panel and that my client is also black." The court responded to the objection and argument by noting that "I don't believe any of those cases give me discretions [*sic*] to deny peremptory challenge. They only create a record of appeal of whether the challenge was given. So your record is made."

On appeal, defendant contends that the trial court erred in permitting the state to use its peremptory challenge in a racially discriminatory fashion.

Finding that purposeful racial discrimination in the selection of a jury panel violates a defendant's right to equal protection and denies a defendant the protection that a trial by jury is intended to secure, the Supreme Court in *Batson v. Kentucky* (1986), 476 U.S. 79, 89, 106 S.Ct. 1712, 1719, 90 L.Ed.2d 69, 82–83, held that " * * * [a]lthough a prosecutor ordinarily is entitled to exercise permitted peremptory challenges 'for any reason at all, as long as that reason is related to his view concerning the outcome' of the case to be tried, [citations omitted], the Equal Protection Clause forbids the prosecutor to challenge potential jurors solely on account of their race or on the assumption that black jurors as a group will be unable impartially to consider the State's case against a black defendant."

According to *Batson*, the burden rests with defendant to make a prima facie case of purposeful discrimination. Defendant must first show " * * * that he is a member of a cognizable racial group, [citation omitted], and that the prosecutor has exercised peremptory challenges to remove from the venire

members of the defendant's race.[1]  Second, the defendant is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits 'those to discriminate who are of a mind to discriminate.'  [Citation omitted.]  Finally, the defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race.  * * * " (Footnote added.)  *Id.*, 476 U.S. at 96, 106 S.Ct. at 1723, 90 L.Ed.2d at 87–88.

■  Applying the foregoing to the facts before us, we find that the defendant carried his burden of establishing a prima facie case herein. Specifically, although the first prong has been eliminated by *Powers*, the prosecution has stipulated the first prong of the *Batson* test: defendant is an African–American, and by the prosecution's exercise of a peremptory challenge against Mr. Brown, the prosecution removed all African–American members from the jury venire.  Second, as the Supreme Court noted in *Batson*, defendant is entitled to rely on the fact that peremptory challenges are a method that allow those to discriminate who are of a mind to do so.

Hence, the critical factor herein in establishing defendant's prima facie case is the third factor of the *Batson* test: defendant must show that the circumstances herein give rise to an inference that the prosecutor used his peremptory challenge to exclude Mr. Brown on the basis of his race.  The prosecution argued that *Batson* is inapplicable unless a pattern of discriminatory practice is shown, and that since one African–American juror was on the panel, no pattern could be demonstrated.  In effect, the prosecution asserted that it was entitled to exercise one peremptory challenge regardless of the racially discriminatory purpose thereof.

Contrary to the prosecution's assertions, *Batson* is applicable herein.  While *Batson* did not deal with a case where the cognizable racial minority on the jury panel consisted of one member, the underlying rationale of the case, as extended in *Powers*, requires that it be applied to situations such as the one presented herein, despite the lack of a repetitive pattern of exercising a peremptory challenge to remove a racial minority from the venire.  Further, under *Batson*, this record presents an inference that the prosecution used its peremptory challenge to exclude Mr. Brown on account of his race.  Specifically, nothing in the voir dire of Mr. Brown reveals any basis for excluding him from the jury panel.  Absent some reasonable basis, apparent on the record, for exercising a peremptory challenge, the record gives rise to an

---

1.  The first prong of *Batson* has since been eliminated by the holding in *Powers v. Ohio* (1991), 499 U.S. ——, 111 S.Ct. 1364, 113 L.Ed.2d 411.

inference that the challenge was exercised for racially discriminatory reasons. As a result, defendant has met the third prong of the *Batson* test and has established a prima facie case.

Once defendant has established a prima facie case, the burden shifts to the prosecution to come forward with a neutral explanation for having exercised a peremptory challenge in what appears to be a racially discriminatory fashion. *Batson*, 476 U.S. at 96, 106 S.Ct. at 1723, 90 L.Ed.2d at 87. In this instance, the trial court made no finding of a prima facie case; and, as a result, the trial court did not ask the prosecution to come forward with an explanation for using one of its peremptory challenges to excuse Mr. Brown. The trial court erred in doing so.

Given the foregoing, we sustain defendant's single assignment of error and remand this case to the trial court to allow the trial court to inquire of the prosecuting attorney concerning the reasons for having excused Mr. Brown from the jury panel. If the prosecution comes forward with a race-neutral explanation for having challenged Mr. Brown, within the trial court's discretion to accept, then defendant's conviction will stand, subject to any appeal. On the other hand, if the prosecution fails to come forward with such an explanation, then defendant is entitled to a new trial.

Having sustained defendant's single assignment of error, we reverse the judgment of the trial court and remand the cause for further proceedings consistent herewith.

*Judgment reversed*
*and cause remanded.*

WHITESIDE and PETREE, JJ., concur.