JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant the State of Ohio appeals from the trial court order that interpreted the previous decision of this court to mean that defendant-appellee Delawrence Gray was entitled to a new trial.
 {¶ 2} The state argues that the trial court misunderstood the mandate of this court in State v. Gray, Cuyahoga App. No. 82045, 2003-Ohio-4670 ("Gray I") and exceeded its authority in simply ordering a new trial. Upon a review of the mixed message conveyed in Gray I, this court agrees. Consequently, the state's assignments of error are sustained. To prevent further errors from occurring below, the trial court's order granting Gray a new trial is reversed. This case is remanded with instructions.
 {¶ 3} The circumstances surrounding Gray's convictions were recounted in Gray I. Gray was convicted after a bench trial of three counts of unlawful sexual conduct with a minor. He challenged his convictions with two assignments of error, claiming the weight of the evidence did not support them, and, additionally, that the trial court had erred in an evidentiary matter.
 {¶ 4} Paradoxically, in view of the concluding sentence of the first paragraph of the opinion[1] and the outcome of the appeal, this court reviewed the first assignment of error. After determining the trial court's finding of Gray's guilt on the three charges was supported by the weight of the evidence this court considered Gray's second assignment of error.
 {¶ 5} Therein, Gray presented three interrelated arguments as follows:
 {¶ 6} "The trial court erred in disallowing the review of the police officers' reports for inconsistencies, in not conducting an in camera inspection, and in not preserving said reports for appellate review." Id. At ¶ 17.
 {¶ 7} The trial record reflected that Gray had requested pursuant to Crim.R. 16(B)(1)(g) an in camera inspection of the police reports; he sought thereby to discover whether, in the trial court's opinion, the victim or appellant himself made any statements to the officers which could be used during Gray's cross-examination of the officers. The trial court not only denied his request, but failed thereafter to provide the police reports for the record on appeal.
 {¶ 8} In considering Gray's argument, this court stated at ¶ 22 that without an ability to review the reports at issue, it could not determine "if there are inconsistencies," and, thus, could not state whether the trial court erred in declining to permit cross-examination of the witnesses. This court's opinion reminded the trial court that the criminal rule "mandate[d] that the trial court conduct an in camera review of any document, including a police report, which purports to be a prior statement of a witness and may be used upon cross-examination, priorto making any ruling on admissibility * * *." (Emphasis added.)
 {¶ 9} This court, therefore, found Gray's second assignment of error to have merit. Since it was impossible to determine on appeal whether the trial court's ultimate decision on the admissibility of the evidence was correct, Gray's "second assignment of error * * * [was] sustained." (Emphasis added.)
 {¶ 10} Gray I concluded at ¶ 23 with the following sentence: "Judgment reversed and case remanded for the trial court to conduct an incamera inspection pursuant to Crim.R.(B)(1)(g)." (Emphasis added.)
 {¶ 11} The state thereafter attempted to appeal the order of remand; however, the Ohio Supreme Court declined to accept the appeal. State v.Gray, 100 Ohio St.3d 1546, 2003-Ohio-6879.
 {¶ 12} Upon receiving this case once again on remand, the trial court requested the parties to instruct it as to what this court meant in GrayI. Both the state and Gray complied by submitting briefs on the issue. The state argued the trial court had been ordered only to review the police statements to determine whether Gray should have been allowed cross-examination of the officers. Gray, on the other hand, argued this court had reversed all of his convictions so as to require a new trial.
 {¶ 13} Ultimately, the trial court issued a journal entry which stated that the opinion in Gray I was interpreted to mean "this case is reversed in its entirety." As a result of that interpretation, the "`judgment' of conviction has been reversed," and the case was ordered "reinstated on the court's docket" for a new trial.
 {¶ 14} The state has filed its notice of appeal from the foregoing order. It presents the following two assignments of error for review:
 {¶ 15} "I. The trial court erred when it failed to conduct an in camera inspection of the police reports pursuant to Crim.R. 16(B)(1)(g) as mandated by the Eighth District Court of Appeals upon remand in Statev. Gray, Cuyahoga App. No. 82045, 2003-Ohio-4670.
 {¶ 16} "II. The trial court erred when it granted defendantappellee a new trial upon remand absent any showing of prejudice when the trial court failed to determine whether the police reports contained discoverable `statements,' and, if so, whether there were inconsistencies between the `statements' and the witness' testimony."
 {¶ 17} Prior to addressing the state's arguments, a threshold matter of jurisdiction must be considered. Gray argues this appeal should be dismissed for lack of a final order. His argument is rejected as a result of the decision in State v. Matthews, 81 Ohio St.3d 375, 1998-Ohio-433
and its aftermath.
 {¶ 18} In Matthews, the Ohio Supreme Court determined the state has a right pursuant to R.C. 2505.02(A)(3) to request leave to appeal a trial court's decision to grant a defendant a new trial. After the case was remanded to this court "for further proceedings," the state's arguments were addressed on their merits in State v. Matthews (Mar. 11, 1999), Cuyahoga App. No. 70587, thus impliedly granting the state's motion for leave to appeal. Indeed, this court determined in that case that the trial court erred in granting Matthews' motion for a new trial; consequently, the state's appeal was sustained.
 {¶ 19} Similarly, this court declines to dismiss this case and thus to overrule the state's request for leave to appeal the trial court's decision, since the trial court determined Gray was entitled to a new trial based upon only an understandably erroneous interpretation of the decision in Gray I.
 {¶ 20} The state argues in its assignments of error that the trial court exceeded its mandate by disobeying the "law of the case" as set forth in Gray I and thereby circumventing Crim.R. 33(A). The state's argument perhaps is overstated, but is persuasive.
 {¶ 21} The Ohio Supreme Court explained the doctrine of the law of the case in Nolan v. Nolan (1984), 11 Ohio St.3d 1 to be a "rule of practice rather than a binding rule of substantive law" which "functions to compel trial courts to follow the mandates of reviewing courts." Under this doctrine, "an inferior court has no discretion to disregard" the superior court's mandate. Thus, "where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to theappellate court's determination of the applicable law. Moreover, the trial court is without authority to extend or vary the mandate given." Id., at 3(emphasis added).
 {¶ 22} In Gray I, this court reviewed the record and, with regard to Gray's initial challenge to his convictions, stated that as the recordstood, all of his convictions found support in the weight of the evidence. Nevertheless, his second challenge had to be sustained, because it was impossible to determine whether his right to a fair trial had been compromised by the trial court's failure to comply with Crim.R. 16 by refusing to conduct an in camera inspection of the police statements.
 {¶ 23} Although the concluding sentence of the first paragraph of the opinion indicated otherwise, therefore, the "judgment" referred to in the concluding paragraph was the simple denial of Gray's request for an in camera inspection, not the judgments of all three of his convictions on the three charges.
 {¶ 24} Any different meaning, as suggested in the concluding sentence of the first paragraph of the opinion, was a misstatement; indeed, this court erred in rendering the opinion in the manner that it did.[2] In actuality, there was no reason for this court to review the weight of the evidence before "remand[ing] for the trial court to conduct an in camera inspection pursuant to Crim.R. 16(B)(1)(g)."
 {¶ 25} The appellate court's opinion in State v. Dockery, Hamilton App. No. C-000316, 2002-Ohio-189, at footnote 2, is instructive on this point. In Dockery, the Hamilton County Court of Appeals distinguished two earlier cases, viz., State v. Tuck (1992), 80 Ohio App.3d 721 and Statev. Robertson (1993), 90 Ohio App.3d 715, and held that when a defendant has raised a "prima facie case" with regard to his assignment of error,
the case is remanded to the trial court "for an inquiry into" the substance of the procedural issue. An order of new trial pursuant to Crim.R. 33(A) is appropriate only when that procedural issue is resolved in defendant's favor. See also, State v. Brock (1996),110 Ohio App.3d 656, at 673-674.
 {¶ 26} The trial court's confusion over the scope of the remand ordered in Gray I is understandable, since this court should not have addressed the issue of the weight of the evidence. Instead, this court should have declined to resolve that issue, and simply ordered the case returned to the trial court to conduct an in camera inspection of the reports. State v. Davis, Franklin App. No. 01AP-579, 2002-Ohio-1920, slip opinion at p. 24. Nevertheless, upon remand, the trial court should not have granted Gray a new trial without a formal motion having been filed.
 {¶ 27} This court seeks now, by following State v. Robertson, supra, to preclude any further misunderstanding. In Robertson, the appellate court informed the trial court in very specific terms, depending on the trial court's memory of the original proceeding and its consideration of the overall fairness of Robertson's trial, the procedures to follow.
 {¶ 28} The state's assignments of error are sustained.
 {¶ 29} The order of the trial court that grants Gray a new trial is reversed. This case is remanded to the trial court with instructions.
 {¶ 30} The trial court is ordered to conduct pursuant to Crim.R. 16(B)(1)(g) an in camera inspection of the police reports to determine whether Gray should have been permitted to use them in his cross-examination of the witnesses.
 {¶ 31} If the trial court finds in the exercise of its discretion Gray should have been permitted to use the statements, it must then determine whether the failure to permit the cross-examination compromised the fairness of Gray's trial. If the trial court determines the failure constituted prejudicial error, it may grant Gray's request for a new trial. If the trial court decides otherwise, it must issue an order which thoroughly explains its decisions with regard to the Crim.R. 16 issue.
So ordered.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J. and McMonagle, J. Concur.
[1] The opinion's sentence states that Gray's "conviction (sic) and sentence" are reversed.
[2] For that error, this court now apologizes.