[Cite as *State v. Jeko*, 2018-Ohio-665.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                     Court of Appeals No. L-17-1143

      Appellant                              Trial Court No. CR0201602550

v.

Charles Jeko                                    **DECISION AND JUDGMENT**

      Appellee                               Decided:  February 23, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Andrew J. Lastra, Assistant Prosecuting Attorney, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, state of Ohio, appeals from the June 1, 2017 judgment of the

Lucas County Court of Common Pleas granting the motion of appellee, Charles Jeko, for

a new trial.  For the reasons which follow, we reverse.

**{¶ 2}** On appeal, appellant asserts a single assignment of error:

THE TRIAL COURT DECISION GRANTING THE DEFENDANT A NEW TRIAL IS AN ABUSE OF DISCRETION BECAUSE THE DECISION IS UNREASONABLE, ARBITRARY, AND UNCONSCIONABLE IN LIGHT OF THE EVIDENCE ADDUCED AT TRIAL AND AFTER CONSIDERATION OF THE ACTIONS OF THE DEFENDANT AND DEFENSE COUNSEL DURING TRIAL AS THOSE ACTIONS RELATE TO THE APPEARANCE OF THE VICTIM, MARIELLE DUSA AT TRIAL.

**{¶ 3}** The following evidence was admitted at trial. The Toledo police officer dispatched to the scene of an alleged assault in the early morning hours of July 26, 2016, testified he found the victim sitting on a curb on Upton Avenue. She had a large amount of blood on her forehead and mouth but no injuries on her knees or hands. The officer photographed her injuries at the hospital. The victim told the officer that she had been at a bar near the corner of Upton and Berdan and met Jeko. The victim told the officer she had been pulled by Jeko toward his business/apartment and had hit her. The officer testified he did not recall the odor of Mace or pepper spray and could not recall seeing a can of Mace in the area. The officer also spoke to an eyewitness at the scene but did not check the eyewitness's line of sight to determine what he could have seen from his house and did not question any other neighbors.

{¶ 4} The witness who had called 911 testified he was checking his mail on his enclosed front porch that morning when he heard a commotion and arguing. He opened the porch door to see what was going on. When he heard a woman's scream, he left the porch and observed Jeko punch the victim in the face, knocking her out, and she fell into the street hitting her head on the asphalt. He immediately went to the woman and waved off traffic so she would not be hit by a car. His 911 call was played for the jury. The witness further testified he knew Jeko by his first name only and that he owned the nearby business. The witness did not know the victim. As the witness went to the victim, he saw Jeko casually walk to his apartment. The witness did not see Jeko put his hands up to his face. He further testified he never saw the victim spray Jeko with Mace and did not smell anything unusual in the area. He identified photographs of the area and indicated where he was standing and where the assault occurred.

{¶ 5} The police detective who investigated the assault testified that he met the victim at the hospital. He observed that she had a contusion and bruising, which looked like "road rash." She had a contusion on her lip and a laceration on her head. The victim's medical records were admitted into evidence and indicate that the lip injury required three sutures and the wound to the head was glued closed. The records also contain the statement of the victim that she believed she had passed out more than once.

{¶ 6} The victim told the detective that Jeko pulled and dragged her two and one-half blocks toward his business. She never mentioned having or using Mace. The

3.

detective went to the scene of the crime to investigate. He was unable to locate Jeko that day and the next day. He spoke to the eyewitness over the phone.

{¶ 7} The detective explained that the victim's absence from trial and lack of cooperation with the investigation, based on his professional experience, was due to a fear of retribution. He and others attempted several times to personally serve a subpoena on the victim, but no one answered the door at her home. She also could not be reached by telephone.

{¶ 8} The detective further testified he was familiar with Mace and has previously used it in his work. He testified it is a chemical aerosol agent, with a pungent odor, that comes out of a canister in a stream. The person spraying the Mace cannot help but get some of it on themselves. He further testified that he could not recall smelling Mace on the victim when he talked to her at the hospital. He believed the Mace could be washed off with 5-10 minutes of flushing the face with water.

{¶ 9} Jeko testified he is 48 years old, a former boxer, and weighs 225 pounds. He also testified the victim is 25 years old, 5' 8" tall, and weighs 145 pounds (although the medical records from that day indicated she weighed 130 pounds). He stated that he and the victim have had a tumultuous relationship for about four years and they argued a lot because she wanted money to support her heroin addiction. Regarding the events of July 26, 2016, Jeko testified he texted to the victim that he would be at a nearby bar and she met him there. She immediately began asking for money. He noticed she appeared to be in a "fogged" state like she was on heroin. They argued for about an hour and,

4.

when he was ready to leave, the bartender wanted Jeko to take the victim with him and Jeko also did not want to leave her there while she was in her confused condition. He denied pulling her toward his apartment.

{¶ 10} When they were near his business/apartment, Jeko testified they were arguing about money. The victim turned to grab something out of her purse and he expected to see her knife he knew she carried. Instead, it was a little tube and she sprayed him in the face with Mace. He pushed her away and she screamed. She sprayed him a second time in the face and he struck her. Based on her injuries he presumed he had struck her with his open left fist, which he admitted caused the injuries she sustained. He walked into his apartment to wash off the Mace, which took 5-10 seconds, and never heard the buzzer to the door of his shop. He did not call the police because they had not done anything about a prior report he made when the victim robbed him. He also did not call the police about the victim because she had stolen his phone. When he learned that there was a warrant for his arrest, he turned himself in to the police.

{¶ 11} Jeko was convicted by a jury on January 26, 2017, of one count of felonious assault. Before he was sentenced, Jeko's Crim.R. 33 motion was granted by the trial court on June 1, 2017. In its sole assignment of error, appellant challenges the granting of the motion for a new trial.

{¶ 12} In his motion, Jeko argued, pursuant to Crim.R. 33(B)(2) and (6), that a new trial was necessary because of newly discovered evidence, which was exculpatory and suppressed, in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10

5.

L.Ed.2d 215 (1963), as the result of the misconduct by appellant. Jeko supported his motion with the affidavit of the victim; a videotape of the courtroom showing the unavailable witness/victim enter the courtroom during closing argument and being immediately escorted out without the knowledge of defense counsel; and a can of Mace the victim found in her apartment, which she attested she had given to an attorney assisting the defense on March 1, 2017.

{¶ 13} The trial court rejected the claim of misconduct by appellant and a *Brady* violation. Jeko did not appeal the judgment. Therefore, we review only his claim that a new trial was warranted because of newly-discovered evidence. Jeko asserted there were three pieces of newly-discovered evidence: 1) that the victim had appeared at trial but was escorted out without the knowledge of the defense; 2) the victim's affidavit; and 3) the can of Mace used by the victim.

{¶ 14} Pursuant to Crim.R. 33(A)(6), the discovery of newly-discovered evidence can warrant a new trial. To grant a new trial on this ground, "it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence." *State v. Petro*, 148 Ohio St. 505, 76 N.E.2d 370 (1947), syllabus.

{¶ 15} Because the trial court exercises discretion in ruling on the motion for new trial, an appellate court reviews the trial court judgment under an abuse of discretion

6.

standard. *State v. Matthews*, 81 Ohio St.3d 375, 378, 691 N.E.2d 1041 (1998). The term "'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980) (citations omitted).

{¶ 16} First, we find the appearance of the victim near the end of the trial is not evidence and will not justify a new trial under Crim.R. 33(B)(6). The second and third pieces of evidence relate to the victim's can of Mace and her affidavit indicating she pointed a can of Mace at Jeko prior to him striking her. In essence, the "newly-discovered evidence" is the victim's recanting of her earlier statements that Jeko had attacked her.

{¶ 17} First, this "newly-discovered evidence" does not justify a new trial because it merely contradicts evidence presented at trial or impeaches a witness. *Petro* at 509; *State v. Robertson*, 1st Dist. Hamilton No. C-160681, 2017-Ohio-7225, ¶ 24; *State v. Arnold*, 189 Ohio App.3d 507, 2010-Ohio-5379, 939 N.E.2d 218, ¶ 14 (2d Dist.).

{¶ 18} In the case before us, witnesses testified that they did not smell anything unusual, such as Mace, at the site of the crime and the officers testified that they did not smell Mace on the victim. An eyewitness testified he never saw Jeko put his hands up by his face. Since the victim did not testify, her subsequent affidavit did not present anything more than contradictory evidence. The fact that the victim recanted her prior statement to the prosecution that Jeko had assaulted her and that she pointed a can of

7.

Mace at him is insufficient to establish a strong probability that a new trial would result in an acquittal.

{¶ 19} Second, the victim's affidavit is not newly-discovered evidence. Jeko was required to "establish that, with due diligence, this evidence could not have been presented at trial." *State v. Seiber*, 56 Ohio St.3d 4, 17-18, 564 N.E.2d 408 (1990). *Accord State v. Hooks*, 12th Dist. Warren No. CA2000-01-006, 2000 Ohio App. LEXIS 4198, *19 (Sept. 18, 2000); *State v. Patton*, 9th Dist. Summit No. 17432, 1996 Ohio App. LEXIS 482, *9 (Feb. 14, 1996). The trial court abuses its discretion when it grants a motion for a new trial when "the record contains no 'clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely.'" *State v. Johnson*, 8th Dist. Cuyahoga No. 85416, 2005-Ohio-3724, ¶ 72 (citation omitted) (while this case addresses the discovery of evidence in relation to an untimely-filed motion for a new trial, the same analysis applies to proving the inability to discover evidence at the time of trial).

{¶ 20} Since Jeko asserted in his defense the victim sprayed him with Mace, which provoked him to strike out at her, this knowledge enabled him to question the victim and call her as a witness or search for the can of Mace. Jeko presented no evidence that he used all reasonable means to contact the victim or find the can of Mace. Therefore, we find the trial court abused its discretion in granting the motion for a new trial. Appellant's sole assignment of error is found well-taken.

8.

{¶ 21} Having found that the trial court did commit error prejudicial to appellant and that substantial justice has not been done, the judgment of the Lucas County Court of Common Pleas is reversed. This case is remanded to the trial court for further proceedings consistent with this judgment. Jeko is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

Thomas J. Osowik, J. _____

James D. Jensen, J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.