[Cite as *State v. Miller*, 2020-Ohio-744.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case Nos. 19CA5 & 19CA6 |
| vs. | : | |
| BRANDY J. MILLER, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Timothy P. Gleeson, Logan, Ohio, for appellant.[1]

Jason Holdren, Gallia County Prosecuting Attorney, and Jeremy Fisher, Gallia County Assistant Prosecuting Attorney, Gallipolis, Ohio, for appellee.

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 2-12-20
ABELE, J.

{¶ 1} This is an appeal from a Gallia County Common Pleas Court judgment of conviction and sentence. Brandy Miller, defendant below and appellant herein, pleaded guilty in trial court case number 17CR81, to (1) aggravated possession of drugs (heroin) with a major drug offender specification, a first-degree felony, (2) aggravated trafficking in drugs (heroin) with a major drug offender specification, a first-degree felony, and (3) tampering with evidence, a third-degree felony. In trial court case number 17CR271, appellant pleaded guilty to: (1) aggravated possession of drugs (methamphetamine), a second-degree felony, (2) aggravated trafficking in drugs (methamphetamine), a

---

[1] Different counsel represented appellant during the trial court proceedings.

second-degree felony, (3) aggravated possession of drugs (fentanyl), a third-degree felony, (4) aggravated trafficking in drugs (fentanyl), a third-degree felony, (5) tampering with evidence, a third-degree felony, (6) illegal conveyance of drug of abuse, a third-degree felony, (7) having weapons while under disability, a third-degree felony, and (8) engaging in a pattern of corrupt activity, a first-degree felony. All guilty pleas resulted from the parties' negotiated plea agreement and joint sentencing recommendation for a sixteen year prison sentence. However, because appellant failed to appear for sentencing, violated the terms of her bond and absconded for approximately one year, the trial court imposed the more severe jointly recommended sentence of thirty-four years in prison.

{¶ 2} Appellant assigns two errors for review:

FIRST ASSIGNMENT OF ERROR:

"MAXIMUM CONSECUTIVE SENTENCES ARE NOT SUPPORTED BY THE RECORD."

SECOND ASSIGNMENT OF ERROR:

"THE SENTENCES IMPOSED BY THE TRIAL COURT WERE CRUEL AND UNUSUAL PUNISHMENT."

{¶ 3} In April 2017, a Gallia County Grand Jury returned an indictment (Case Number 17CR81) that charged appellant with (1) one count of aggravated possession of drugs (heroin) in violation of R.C. 2925.11(A) and R.C. 2925.11(C)(6)(f), a first-degree felony, with a major drug offender specification in violation of R.C. 2941.1410(A), (2) aggravated trafficking in drugs (heroin) in violation of R.C. 2925.03(A)(2), a first-degree felony, with a major drug offender specification in violation of R.C. 2941.1410(A), and (3) tampering with evidence in violation of R.C. 2921.12(A)(1), a third-degree felony. Appellant appeared with counsel, pleaded not guilty, posted bail and secured her release from jail.

{¶ 4} On July 10, 2017, appellant filed a motion to suppress evidence (video recording from patrol cruiser camera). After appellee objected, on August 24, 2017 appellant filed a second, more detailed motion to suppress. After the trial court conducted several pretrial hearings, but before the court could conduct a hearing on the motion to suppress evidence, law enforcement authorities charged appellant with additional, unrelated offenses through a municipal court complaint. Appellee then filed a motion to revoke bond. The trial court declined to revoke bond, but did increase the bail amount and appellant remained in custody.

{¶ 5} In December 2017, a Gallia County Grand Jury returned an indictment (Case Number 17CR271) that charged appellant with an additional eight counts: (1) aggravated possession of drugs (methamphetamine) in violation of R.C. 2925.11(A) and R.C. 2925.11(C)(1)(c), a second-degree felony, (2) aggravated trafficking in drugs (methamphetamine) in violation of R.C. 2925.03(A)(2) and R.C. 2925.03(C)(1)(d), a second-degree felony, (3) aggravated trafficking in drugs (fentanyl) in violation of R.C. 2925.11(A) and R.C. 2925.11(C)(1)(b), a third-degree felony, (4) aggravated trafficking in drugs (fentanyl) in violation of R.C. 2925.03(A)(2) and R.C. 2925.03(C)(1)(c), a third-degree felony, (5) tampering with evidence in violation of R.C. 2921.12(A)(1), a third-degree felony, (6) illegal conveyance of drug of abuse in violation of R.C. 2921.36(A)(2), a third-degree felony, (7) having weapons while under disability in violation of R.C. 2923.13(A)(3), a third-degree felony, and (8) engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), a first-degree felony.

{¶ 6} On January 4, 2018, appellant pleaded not guilty at her arraignment. Also, counsel in Case No. 17CR81 withdrew and the trial court appointed counsel for appellant in both cases. After several pretrial conferences, appellant refiled her motion to suppress evidence and the court

scheduled a suppression hearing for April 24, 2018.

{¶ 7} On April 24, 2018, the parties notified the trial court that they had agreed to settle the cases. Subsequently, appellant pleaded guilty to all charges in both cases, and submitted a proposed joint sentencing recommendation and an agreement for a five day furlough.

{¶ 8} Unfortunately, appellant failed to appear at the court's May 9, 2018 sentencing hearing and the court issued a bench warrant. Approximately one year later, on April 5, 2019, authorities arrested appellant. On April 9, 2019, appellant filed motions to withdraw her pleas and, after the court held a hearing, the court denied the motions.

{¶ 9} On April 22, 2019, the trial court held a sentencing hearing and imposed the following sentence: Case No. 17CR81 (19CA5): Count 1: Possession of Heroin - merged into Count 2; Count 2: Trafficking in Heroin - 11 years (mandatory); Count 3: Tampering with Evidence - 24 months. In Case No. 17CR271 (19CA6) the court imposed sentence as follows: Count 1: Aggravated Possession of Drugs - merged into Count 2; Count 2: Aggravated Trafficking in Drugs - 8 years (mandatory); Count 3: Aggravated Possession of Drugs - merged into Count 4; Count 4: Aggravated Trafficking in Drugs - 24 months; Count 5: Tampering with Evidence - 24 months; Count 6: Illegal Conveyance of Drugs - 24 months; Count 7: Weapons While Under Disability - 24 months; Count 8: Engaging in a Pattern of Corrupt Activity - 11 years (mandatory). The court further ordered that (1) the two prison terms in Case No. 17CR81 be served concurrently to each other (for a total of 11 years in that case); (2) the prison terms for Count 6 and 7 in Case No. 17CR271 be served concurrently to each other and concurrently to all other counts (for a total of 23 years in that case); and (3) prison terms in the two cases be served consecutively to each other (for a total sentence of 34 years in prison). This appeal followed.

I.

{¶ 10} In her first assignment of error, appellant asserts that the record does not support the imposition of maximum consecutive sentences.   In particular, appellant asserts that a felony failure to appear conviction may typically merit an 18 month prison sanction, but here, appellant's failure to appear resulted in an 18 year increase in her prison sanction.

{¶ 11} Appellee points out that appellant agreed to a joint sentencing recommendation that included a five-day furlough between her plea date and her sentencing date so that appellant could visit her family and attend to personal matters.   However, appellant removed her electronic monitoring device and absconded for nearly a year.   Appellee thus asserts that (1) appellant's sentence resulted from the parties' joint sentencing recommendation; and (2) even in the absence of the joint recommendation, appellant's conduct warranted consecutive sentences because, while on bond for a major drug offender charge in the first case, appellant opted to remove her ankle monitor, continued to operate a criminal enterprise and committed the numerous crimes reflected in the charges filed in the second case.   Additionally, appellee points out that all sentences are within the pertinent statutory range and that the trial court did not order maximum consecutive sentences.

{¶ 12} R.C.   2953.08(D)(1) limits an appellate courts' ability to review an agreed sentence. The statute provides:

> A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

{¶ 13} "[A] sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)1) only if it comports with all the mandatory sentencing provisions."   *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 21.

{¶ 14} Appellee argues that the case sub judice closely resembles *State v. Ross,* 2017-Ohio-9400, 103 N.E.3d 81 (4th Dist.), jurisdiction declined *State v. Ross*, 153 Ohio St.3d 1434, 2018-Ohio-0665, 101 N.E.3d 465. In *Ross*, the defendant, as part of a negotiated plea agreement, pleaded guilty to two RICO violations and one drug offense. At the plea hearing the trial court stated that, if Ross abided by the bond conditions, he would receive a 10-year prison term; however, if Ross failed to obey the conditions of bond, he would instead receive a 30-year prison term. Unfortunately, Ross failed to appear at his sentencing hearing and remained at large for three years. After Ross's eventual apprehension, he filed a motion to withdraw his guilty plea. The trial court denied the motion and sentenced Ross to serve an 11 year prison term on Count 1, an 8 year term on Count 2, and an 11 year term on Count 3, all to be served consecutively for a total aggregate prison term of 30 years as part of "a jointly recommended and agreed to sentence." On appeal, Ross argued that competent, credible evidence did not support the trial court's R.C. 2929.14(C) findings for consecutive sentences. In particular, Ross claimed that (1) insufficient evidence supported the court's consecutive sentence findings under R.C. 2929.14(C), and (2) the court failed to merge allied offenses of similar import. However, this court, citing *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 43, pointed out that when a jointly recommended sentence includes consecutive sentences, a trial court is not required to make the R.C. 2929.14(C)(4) consecutive sentence findings. "[W]here a trial judge imposes such an agreed sentence without making those findings, the sentence is nevertheless 'authorized by law' and not reviewable on appeal pursuant to R.C. 2953.08(D)(1)." *Ross* at ¶ 62, citing *Sergent*. Because Ross's negotiated plea agreement included the 30-year consecutive sentence, we held that Ross's argument that the evidence did not support the court's consecutive sentence findings must fail, as the trial court "was

not required to make the findings in the first instance." *Ross* at ¶ 63, citing *Sergent* at ¶ 43. Thus, we held that the jointly recommended sentence is "authorized by law," and "[b]ecause the sentence is not subject to review under R.C. 2953.08(D)(1), we do not undertake an analysis of Ross's [assignment of error involving whether the trial judge erred to his prejudice because an order imposing consecutive sentences in this case is not supported by the facts.]" *Ross* at ¶ 71. Moreover, the Ohio Supreme Court declined to conduct further review.

{¶ 15} The Supreme Court of Ohio has written: "The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, at ¶ 25. Consequently, a sentence authorized by law, and imposed pursuant to a joint recommendation, is generally not subject to appellate review.

{¶ 16} In the case at bar, we conclude that appellant's sentence is (1) based upon her negotiated plea; (2) authorized by law; and (3) the product of appellant's and appellee's joint recommendation. Here, appellant agreed to plead guilty and the trial court imposed the jointly recommended sentence.

{¶ 17} Accordingly, in light of the fact that the negotiated plea agreement complied with R.C. 2953.08(D)(1), we overrule appellant's first assignment of error.

II.

{¶ 18} In her second assignment of error, appellant asserts that her sentences constitute cruel and unusual punishment. However, as we indicated in our disposition of appellant's first assignment of error, R.C. 2953.08(D)(1) controls appellant's appeal of her negotiated sentence.

Moreover, we believe that if we consider the merits of appellant's assignment of error, this claim must fail.

{¶ 19} The Eighth Amendment to the United States Constitution states that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Article I, Section 9 of the Ohio Constitution contains the same prohibition.

{¶ 20} Appellant contends that her sentences "are so disproportionate to the offense as to shock the moral sense of community," citing *McDougle v. Maxwell*, 1 Ohio St.2d 68, 69, 203 N.E.2d 334 (1964). However, as appellee acknowledges, the Supreme Court of Ohio has concluded that, for purposes of the United States and Ohio Constitutions, "proportionality review should focus on individual sentences rather than on the cumulative impact of multiple sentences imposed consecutively. Where none of the individual sentences imposed on an offender are grossly disproportionate to their respective offenses, an aggregate prison term resulting from consecutive imposition of those sentences does not constitute cruel and unusual punishment." *State v. Hairston*, 118 Ohio St.3d 289, 295, 2008-Ohio-2338, 888 N.E.2d 1073.

{¶ 21} Although appellant concedes that in the case sub judice each individual prison term fell within the appropriate statutory range, appellant nevertheless contends that her cumulative sentence shocks community sensibilities and suggests that *Hairston* should be revisited.

{¶ 22} Appellee argues that appellant committed multiple, serious criminal offenses, with a possible maximum sentence of 45 years, with over half of that sentence mandatory time. Instead, appellant pleaded guilty, pursuant to a negotiated plea agreement, and received a 34 year sentence, which is also authorized by law.

{¶ 23} We recognize that appellant initially agreed to serve a lengthy prison term (16 years),

and further agreed to serve a lengthier term (34 years) in the event that she failed to appear to serve her sentence.  We also recognize that appellant engaged in acts that constitute major felony drug trafficking offenses, and that she continued to do so even after she had been released from jail on bond on several pending felony charges.  Obviously, appellant's actions demonstrated no regard whatsoever for the severity of her criminal offenses or her willingness to refrain from continuing to engage in criminal conduct.  Under the circumstances present in the instant case, we cannot say that appellant's sentence shocks community sensibilities.  Additionally, as an intermediate appellate court, we are obligated to follow Ohio Supreme Court decisions.  Thus, if appellant desires to revisit *Hairston*, that review must come from the Supreme Court.

{¶ 24} Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error and affirm the trial court's judgment of conviction and sentence.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.